# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| United States of America *ex rel.* THOMAS JURESIC, ) ) ) | |
| Petitioner, ) ) | No. 06 C 1822 |
| v. ) ) | Judge John W. Dourah |
| JOHN CHAMBERS, ) ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Prisoner Thomas Juresic was convicted and sentenced in an Illinois state court for sexually assaulting his nine-year-old niece in 1994. Respondent, John Chambers, the Warden of Danville Correctional Center in Danville, Illinois, has custody over petitioner, who is identified as Prisoner Number K82580. After his direct appeals were denied, Petitioner's collateral review in the Illinois state courts was denied.

Presently before the Court is Petitioner's Petition for Writ of *Habeas Corpus*, filed under 28 U.S.C. § 2254. Petitioner raises three issues: (1) the trial court violated his right to a speedy trial when the government failed to arrest and charge Petitioner until after a twenty-five-month period, during which time he voluntarily admitted himself to a mental-healthcare facility; (2) the trial court violated his constitutional rights by reinstating charges that had been dismissed *nolle prosequi;* and (3) his appellate counsel rendered ineffective assistance by failing to raise two issues on appeal that had been argued in pre-trial motions. For the following reasons, the Petition for Writ of *Habeas Corpus* is denied.

## BACKGROUND[1]

After Petitioner was acquitted in a sex offense case in 1985, he was confined to the Elgin Mental Health Center until 1990, when he was conditionally released. On August 15, 1994, Petitioner sexually assaulted his nine-year-old niece; the next day, he voluntarily admitted himself to Rush Presbyterian St. Luke's Medical Center. On May 7, 1996, the Cook County State's Attorney's Office *nolle prosequi* the charges against the Petitioner. On October 18, 1996, the police arrested Petitioner for the 1994 sexual assault.

At a bench trial, Petitioner did not contest the charge but interposed an insanity defense. Expert witnesses testified for both sides, and the trial court found that Petitioner was not insane. The court, after hearing expert witnesses for the state and the defense, found the petitioner guilty on two counts of aggravated criminal sexual assault. Petitioner was sentenced to two consecutive fifteen-year terms of imprisonment.

Petitioner appealed his conviction and raised three claims: (1) his trial counsel rendered ineffective assistance for failing to present evidence to support the insanity theory; (2) the trial court violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), by imposing consecutive sentences; and (3) the court should correct his *mittimus* to reflect the proper time-served credit. The appellate court granted relief sought by Petitioner as to credit for time served but otherwise affirmed Petitioner's conviction and sentence.

---

[1] On August 7, 2006, Petitioner filed a Motion to Amend the Petition. The Petitioner's Motion to Amend is granted. The Court considered the Amended Petition for purposes of this ruling.

2

Petitioner filed a petition for leave to appeal (PLA), based only on the alleged *Apprendi* violation. The Illinois Supreme Court denied his PLA on December 5, 2002.

On May 16, 2003, Petitioner filed a post-conviction petition that claimed, among other things, the trial court violated his right to a speedy trial and that his appellate counsel was ineffective for failing to raise the same issues he had argued in two pre-trial motions. On August 18, 2003, the trial court dismissed his petition.

On October 30, 2003, Petitioner filed a late notice with the appellate court (that was allowed), arguing that the circuit court erred by failing to notify him within ten days that it was dismissing his post-conviction petition. The appellate court affirmed the denial of his petition on December 28, 2004.

On January 20, 2005, Petitioner filed a PLA, arguing only that the circuit court erred by failing to notify him of the dismissal within ten days. The Supreme Court denied his PLA on December 1, 2005.

On April 3, 2006, Petitioner applied to this Court for a writ of *habeas corpus* under 28 U.S.C. § 2254.

## ANALYSIS

Under 28 U.S.C. § 2254(d), a writ of *habeas corpus* of a person in custody pursuant to a state court judgment will only be granted if the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

3

28 U.S.C. § 2254(d). With rare exception, a federal court may not grant *habeas* relief unless the state courts have had a full and fair opportunity to review the issue. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."); *Bell v. Pierson*, 267 F.3d 544, 555 (7th Cir. 2001). Before reaching the merits, district courts should deny a petition whenever the petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts." *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir., 2001).

However, procedural default may occur in several ways, including: (1) where the petitioner failed to present his claim in federal constitutional terms to the state courts, *Baldwin v. Reese*, 541 U.S. 27, 32-33, 124 S. Ct. 1347 (2004); (2) where the petitioner may have pursued all the appeals required by state law but did not assert claims raised in the federal *habeas corpus* petition in the state-court system, *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); or (3) when "a claim that could have been but was not brought before a state court" can no longer be asserted in that forum, *Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir. 1992).

Here, Petitioner has exhausted his state-court remedies because he pursued both a direct appeal and a post-conviction petition. However, Petitioner's claims are all procedurally defaulted because he failed to raise any of his *habeas* claims with either the state appellate court or the Supreme Court of Illinois. "Fair presentment . . . requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004) (*Lewis*). "This means that the petitioner must raise the issue at each and every level in the

4

state court system, including levels at which review is discretionary rather than mandatory." *Lewis*, 390 F.3d 1025-26. Thus, a petitioner "who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Lewis*, 390 F.3d at 1026.

Neither of Petitioner's appeals raised the three issues in Petitioner's federal *habeas* petition. Petitioner's failure to seek state review of his federal claims prevents this Court from granting federal *habeas* relief unless Petitioner can show that an exception applies. Petitioner's speedy-trial claim is also barred on other adequate and independent state grounds. Regarding his speedy-trial claim, the state circuit court held that this claim was procedurally defaulted because he could have raised his claim on direct review but failed to do so. This also bars federal *habeas* relief.

The Court may review a procedurally defaulted claim where a petitioner establishes either: (1) "cause for his state-court default of any federal claim, and prejudice therefrom;" or (2) "a sufficient probability that [the Court's] failure to review his federal claim will result in a fundamental miscarriage of justice." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Neither exception applies.

Appellate counsel's failure to raise the defaulted claims can, in some cases, amount to cause, excusing the procedural default. "The failure of appellate counsel to raise an issue on appeal requires the court to compare the issue not raised in relation to the issues that were raised; if the issue that was not raised is 'both obvious and clearly stronger' than the issues raised, the appellate counsel's failure to raise the neglected issue is objectively deficient. *Winters v. Miller*, 274 F.3d 1161, 1167 (7th Cir.2001); *Williams v. Parke*, 133 F.3d 971, 974 (7th Cir.1997)."

*Lee v. Davis*, 328 F.3d 896, 900-01 (7th Cir. 2003) (*Lee*). Although a "meritorious claim of attorney ineffectiveness might amount to cause for the failure to present an issue to a state court," the fact that "the ineffectiveness claim was raised at some point in state court does not mean that the state court was given the opportunity to address the underlying issue that the attorney in question neglected to raise." *Sternes v. Lewis*, 390 F.3d 1019, 1026 (7th Cir. 2004). At the appellate level, "[p]rejudice is established if the issue not raised 'may have resulted in a reversal of the conviction or an order for a new trial.'" *Winters*, 274 F.3d at 1167. This means there must be a reasonable probability that the issue not raised would have altered the outcome of the appeal had it been raised." *Lee*, 328 F.3d at 901. Here, the claims in the Petitioner's *habeas* petition are not obviously stronger than those raised on his direct and post-conviction appeals, nor does Petitioner present evidence of prejudice. Thus, *habeas* relief is foreclosed to the Petitioner.

Second, Petitioner has not claimed, and cannot show, that a failure to hear his defaulted claims would result in a "fundamental miscarriage of justice," *i.e.*, that a constitutional violation has "probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 325-27 (1995); *Mills v. Jordan*, 979 F.2d 1273, 1277 (7th Cir. 1992). At trial, Petitioner never contested the underlying charge.

## CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus is denied.

Dated: November 22, 2006

JOHN W. DOURAH
United States District Court Judge

6